UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANIECE HAMPTON,<br><br>           Plaintiff,<br><br>v.<br><br>MARTIN J. O'MALLEY,<br>Commissioner of Social Security Administration,<br><br>           Defendant. | Case No.:  22-cv-01833-W-MSB<br><br>**ORDER GRANTING IN PART PLAINTIFF'S APPLICATION FOR AWARD OF ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT [DOC. 21]** |

Pending before the Court is Plaintiff Janiece Hampton's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (the "Motion" [Doc. 21]). The Court decides the matter on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1).  For the reasons stated below, the Court **GRANTS IN PART** Ms. Hampton's Motion [Doc. 21] in the amount of $7,467.41.

**I.   BACKGROUND**

On March 16, 2020, Plaintiff Janiece Hampton applied for social security benefits under Title II and Title XVIII of the Social Security Act. (*Report & Recommendation*

1 | (the "Report") [Doc. 18] 2:14–16.)  She alleged an inability to work since August 20,
2 | 2019. (*Id.*)
3 | On December 16, 2020, Defendant Commissioner of Social Security (the
4 | "Commissioner" or "Government") denied her application, and on July 30, 2021, denied
5 | her request for reconsideration.  (*Report* at 2:16–17.)  Ms. Hampton then requested an
6 | administrative hearing, and on February 2, 2022, Administrative Law Judge Kevin
7 | Messer ("ALJ") held a telephonic hearing.  (*Id.* at 2:18–21.)
8 | On March 16, 2022, the ALJ issued a written decision finding that Ms. Hampton
9 | had not been under a disability from August 20, 2019, through the date of his decision.
10 | (*Report* at 2:22–24.) Ms. Hampton then requested review of the ALJ's decision, which
11 | the Appeals Council denied on November 14, 2022.  (*Id.* at 2:24–27.)
12 | On November 21, 2022, Ms. Hampton filed this lawsuit seeking judicial review of
13 | the Commissioner's final decision denying her application for social security benefits.
14 | (*See Comp.* [Doc. 1].) The matter was assigned to the Magistrate Judge Michael S. Berg
15 | for a report and recommendation.
16 | On March 15, 2023, Ms. Hampton filed her brief on the merits, which raised four
17 | grounds for reversal: (1) the ALJ failed to provide a residual functional capacity
18 | statement including both severe and non-severe impairments; (2) the ALJ did not provide
19 | clear and convincing reasons to discredit Ms. Hampton's statements; (3) the ALJ's past
20 | relevant work findings conflict with Social Security Ruling 82-61; and (4) the ALJ failed
21 | to address a medical opinion as required by 20 C.F.R. § 404.1520(c). (*See Pl's P&A*
22 | [Doc. 12-1] 9:5–15:28.) On May 30, 2023, the Government filed its opposition [Doc. 16]
23 | and on June 5, 2023, Ms. Hampton filed her reply [Doc. 17].
24 | On February 21, 2024, the Magistrate Judge issued the Report, which
25 | recommended finding partially in favor of Ms. Hampton on the first ground and in favor
26 | of the Government on grounds two through four. (*Report* at 15:5–12, 20:4–9, 23:11–15,
27 | 26:19–21.) Regarding the first ground, the Report found that "although the ALJ's RFC
28 | properly accounted for Plaintiff's physical impairments, the ALJ erred by not explicitly

considering Plaintiff's anxiety and PTSD in the RFC assessment and merely incorporating his step two analysis. [Citation omitted,]" (*Id.* at 15:5–12.)  The Report therefore recommended reversing the Commissioner's decision and remanding this matter for "further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g)."  (*Id.* at 27:17–20.)  On March 18, 2024, this Court issued an order adopting the Report, reversing the Commissioner's decision and remanding the case for "further proceedings consistent with the Report." (*Order* [Doc. 19] 2:27–3:2.)

Thereafter, the parties attempted to reach an agreement regarding Ms. Hampton's request for fees under the Equal Access to Justice Act ("EAJA").  (*Motion* at 2:4–6.) Because no agreement was reached, Ms. Hampton filed the pending Motion.  She seeks $11,770.69 in fees (consisting of 48 hours of billable attorney time) and $405 in filing costs.  (*Id.* at 1:23–26.)  The Government opposes the motion and argues Ms. Hampton's request should be denied because the Commissioner's position was substantially justified. (*Opp'n* [Doc. 22] 5:10–9:12.) In the alternative, the Government argues Ms. Hampton's request should be reduced based on her limited success in this case and counsel's alleged unreasonable and excessive time spent on preparing the opening brief. (*Id.* at 9:13–15:20)

## II.  LEGAL STANDARD

The EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

To be eligible for EAJA fees, several requirements must be met. First, the individual claimant must be a "party," meaning that their "net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B). Second, the claimant must be the "prevailing party." *Comm'r, Immigr. & Naturalization Serv. v. Jean*, 496 U.S. 154, 158 (1990). Third, the Commissioner's position must not have been "substantially justified." *Id.* Fourth, there must be no "special circumstances" that make an award unjust. *Id.* Finally, "any fee application must be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement." *Id.* (citing 28 U.S.C. § 2412(d)(1)(B)).

Whether the Commissioner's position was "substantially justified" depends on if it was "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "Put differently, the government's position must have a 'reasonable basis in law and fact.'" *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). The government does not need to show that "it was correct or 'justified to a high degree,'" and its loss on an issue does not "raise a presumption that its position was not substantially justified." *Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1167–1168 (9th Cir. 2019) (citations omitted). If the claimant establishes that it is a prevailing party, "the burden is on the government to show that its litigation position was substantially justified on the law and the facts." *Id.* at 1167 (citation omitted).

The EAJA's substantial justification standard only applies to issues that are adjudicated. *Hardisty v. Astrue*, 592 F.3d 1072, 1077 (9th Cir. 2010) ("[The EAJA] provides no indication that attorneys' fees should be awarded with respect to positions of the United States challenged by the claimant but unaddressed by the reviewing court."). The government therefore need only be substantially justified in its "litigation position and the underlying agency action giving rise to the civil action." *Meier*, 727 F.3d at 870.

If a claimant is deemed entitled to EAJA fees, "a fee award presumptively encompasses all aspects of the civil action." *Comm'r*, 496 U.S. at 161. The Court should generally defer to the winning lawyer's professional judgment as to the amount of time

required for the case. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("[A]fter all, [the winning lawyer] won, and might not have, had [they] been more of a slacker."). However, the court still determines whether the attorney's fees requested are "reasonable," and the "district court will always retain substantial discretion in fixing the amount of an EAJA award." *Id.* at 163.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The claimant has the burden to "submit evidence supporting the hours worked and rates claimed," and if the documentation is inadequate, the "district court may reduce the award accordingly." *Id.* at 433, 437. If the government disputes the reasonableness of the fee, it "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992). The district court also should exclude hours not "reasonably expended" from the award. *Hensley*, 461 U.S. at 434.

"[T]he product of reasonable hours times a reasonable rate does not end the inquiry." *Hensley*, 461 U.S. at 434. The "most critical factor" to consider is the "degree of success obtained" by the claimant, particularly where the plaintiff only succeeded on some of their claims for relief. *Id.* at 436 ("This factor is particularly crucial where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief."). In such situations, the court first asks whether "the plaintiff fail[ed] to prevail on claims that were unrelated to the claims on which he succeeded." *Ibrahim*, 912 F.3d at 1172. "This inquiry rests on whether the 'related claims involve a common core of facts *or* are based on related legal theories . . . [with the focus on] whether the claims arose out of a common course of conduct.'" *Id.* (citations omitted). If the claims are unrelated, then the plaintiff cannot obtain fees for services on the unsuccessful claim. *See Hensley*, 461 U.S. at 434–435 (holding that unrelated claims must "be treated as if they

had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim."). If the claims are related, the court then considers whether "'the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award.'" *Ibrahim*, 912 F.3d at 1172 (quoting *Hensley*, 461 U.S. at 434). If the prevailing party obtained "excellent results," the court may order a "full fee award—that is, the entirety of those hours reasonably expended on both the prevailing and unsuccessful but related claims." *Id.* (citations omitted).

## III. DISCUSSION

### A. The Government's Position was Not Substantially Justified

The Government does not dispute that Ms. Hampton timely filed this motion and supported it with an itemized statement. It also does not dispute that Ms. Hampton is a prevailing party, whose net worth was less than $2,000,000 at the time the civil action was filed. Finally, the Government does not argue that any special circumstances make an award unjust in this situation. (*Id.* at 3:8–9.) Thus, the only issue is whether the Government's position was substantially justified. With respect to the first ground for relief, it was not.

As stated above, the Report found that the ALJ "erred by not explicitly considering Plaintiff's anxiety and PTSD in the RFC assessment and merely incorporating his step two analysis." (*Report* at 15:5–8.) The ALJ's failure to explicitly consider Ms. Hampton's anxiety and PTSD in the RFC assessment was not substantially justified because "[i]n assessing RFC, the [ALJ] must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims, SSR 96-8P, 1996 WL 374184, at *14 (S.S.A. July 2, 1996). As the Commissioner noted, non-severe limitations do not ultimately need to be reflected in the RFC. (*Opp'n* 6:23–7:2.) However, SSR 96-8P clearly states that the ALJ must still "consider" the non-severe impairments. 1996 WL 374184, at *14; *see Hutton v. Astrue*, 491 F. App'x 850 (9th Cir. 2012) (holding that

when adjudicating an application for social security benefits, the ALJ must consider all the claimant's mental limitations while determining their RFC). Such consideration may have been shown by at least "explaining why [Ms. Hampton]'s mental impairments did not warrant RFC restrictions." (*Report* at 13:20–21.) The ALJ's failure to do so does not have a "reasonable basis in law and fact." *Meier*, 727 F.3d at 870.

SSR 96-8P also explains that "[t]he mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a *more detailed* assessment by itemizing various functions contained in the broad categories found in paragraphs B and C." 1996 WL 374184, at *13 (emphasis added). The ALJ did assess Ms. Hampton's non-severe impairments in his step two analysis, but he merely incorporated this analysis into his RFC assessment. (*Report* at 13:10–16.) This incorporation does not satisfy the "more detailed assessment" required by SSR 96-8P, so it does not have a reasonable basis in law and fact. 1996 WL 374184, at *13.

Lastly, the Government cites several cases allegedly illustrating that the ALJ's decision was supported by circuit caselaw. (*Opp'n* at 7:9–8:25.) However, these cases support a different rule than that urged by the Government. They only show that the ALJ does not need to include mild mental limitations in the RFC; they do not state that the ALJ need not consider mild mental limitations in the RFC at all. *See, e.g. Woods v. Kijakazi*, 32 F.4th 785, 794 (9th Cir. 2022) (rejecting the claimant's argument that the ALJ erred by not assessing mental limitations because "[t]he ALJ's assessment of her [RFC] expressly reflected these limitations"); *Alexander v. O'Malley*, No. 23-55213, 2024 WL 612877, at *1 (9th Cir. Feb. 14, 2024) (rejecting the claimant's argument because the claimant failed to "identify any evidence that the ALJ did not consider" in the RFC); *Hilda V. A. v. Kijakazi*, No. 5:22-CV-01064, 2023 WL 1107867, at *4 (C.D. Cal. Jan 30, 2023) (rejecting the claimant's argument because the ALJ is not required to "include any functional restrictions in a claimant's RFC due to mild mental limitations'); *Ball v. Colvin*, No. CV 14-2110, 2015 WL 2345652, at *3 (C.D. Cal. May 15, 2015) (rejecting the claimant's argument because "the ALJ did consider [the plaintiff]'s mild

mental limitations in formulating her RFC"). The ALJ's decision is therefore not supported by circuit caselaw and does not have a reasonable basis in law and fact.

### B. Ms. Hampton's Requested Fees are Unreasonable

Ms. Hampton requests $11,770.69 for 48 hours of work performed by Ms. Gerrard and $405 in filing fees. (*Motion* at 1:23–26.) The Government contends the amount of time expended is "unreasonable and excessive," particularly regarding the "41.4 hours" that Ms. Gerrard spent on the opening brief. (*Opp'n* at 10:2–5.) The Government also argues that Ms. Hampton's requested fees should be reduced because of her "limited success in this case." (*Id.* at 13:22–23.) Both arguments are persuasive.

First, Ms. Hampton's request for 48 hours of work is beyond the twenty-to-forty-hour range "most often requested and granted in social security cases." *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (citation omitted). While district courts cannot "drastically reduce awards" simply because of this fact, they may still consider it "in determining the reasonableness of a specific fee request." *Id.* Ms. Hampton cites cases where EAJA fees were granted for over forty hours of work, but they are factually distinguishable. For example, she cited a case that was identified as "complex and atypical," with two hearings and ten pages of objections to the Magistrate Judge's report. *Doan v. Berryhill*, No. 16-CV-00841, 2018 WL 2761733, at *4 (S.D. Cal. June 7, 2018) ("[T]his case was complex and atypical, and despite counsel's expertise in social security law, required additional legal research and writing."). In contrast, here, there were no hearings after the administrative stage, and no objections were filed against the Report. Nor is there any other indication that this case is atypical or complex, and there is nothing explaining why the number of hours expended exceeds or falls in the high end of the typical case.

Additionally, the Court agrees with the Government's contention that Ms. Hampton's request appears excessive, redundant, or otherwise unnecessary. Although the opening brief was 17 pages, this was primarily due to the odd line and paragraph spacing

throughout the brief, as well as the four-and-a-half page-bloc quote of Ms. Hampton's hearing testimony. (*See Pl's P&A* at 3:19–7:25.) In light of these issues, the "argument" section likely takes up no more than 2 or 3 pages of a normal brief. But more importantly, as noted in the Report, most of the issues Ms. Hampton raised in the opening brief were not argued distinctly enough for the Court to seriously consider. For example, with respect to whether the ALJ provided clear and convincing reasons for discrediting Ms. Hampton's statements, the Report noted that "Plaintiff's arguments consist of a single paragraph and does not substantively address the ALJ's discussion—she merely contends the ALJ 'ignored the VA record using the Disability Determination evaluations.'" (*Report* at 15:17–20, citing *Pl's P&A* at 17; *see also id.* at 18:5–7 ("Aside from this generic reference to [Plaintiff's] symptoms and treatment, Plaintiff fails to raise specific arguments about why the ALJ's assessment was erroneous.").) Similarly, regarding whether substantial evidence supports the ALJ's finding that Ms. Hampton could perform past relevant work, the Report noted that "[o]nce again, Plaintiff's merits brief contains sparse argument as to why the ALJ's past relevant work finding is erroneous" and concludes that because "Plaintiff once again fails to develop her arguments 'specifically and distinctly'" she has not satisfied her burden. (*Id.* at 22:22–23, 23:11–12.) Finally, regarding whether the ALJ failed to address the medical opinion, the Report commented that the opening brief failed to "identify what part of the administrative record she [was] referring to, nor [did] she articulate specific arguments as to why the ALJ erred by allegedly overlooking this evidence." (*Id.* at 26:12–16.)

   Second, the Government is correct that Ms. Hampton achieved limited success in this case. Of the four grounds raised in the opening brief, Ms. Hampton only succeeded partly on one of the issues, which warranted the remand in this case. (*Report* at 27:17–24.) Her partly successful claim does not share a "common core of facts" or "related legal theories" with her other arguments. *Ibrahim*, 912 F.3d at 1172. Ms. Hampton succeeded solely because the ALJ failed to show that he considered her mild mental limitations in the RFC. (*Report* at 27:17–24.) This failure is unrelated to the other issues regarding

severe impairments, the discrediting of her statements, her ability to perform her past relevant work, and the alleged failure to address a medical opinion. (*Id.* at 4:13–23.) Ms. Hampton does not even dispute that "the sole challenge on which [she] prevailed was unrelated to her other arguments." (*Opp'n* 14:23–24.) For these reasons, the Court finds that a 40% reduction in her fees is appropriate and thus will award Ms. Hampton $7,062.41 in attorney's fees.

### IV. CONCLUSION AND ORDER

For the foregoing reasons, Plaintiff Janiece Hampton's Application for Attorney's Fees and costs is **GRANTED IN PART** in the amount of $7,467.41, which includes her filing costs of $405. [Doc. 21.] Subject to offsets allowed under the Treasury Offset Program, payment is to be made directly to Ms. Hampton's attorney. *See Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010).

**IT IS SO ORDERED.**

Dated: December 16, 2024

_____
Hon. Thomas J. Whelan
United States District Judge